IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EON WALDEN, et al., | ) | No. CV-F-04-6680 REC DLB |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| vs. | ) | MOTION TO DISMISS AND FOR A |
| | ) | MORE DEFINITE STATEMENT. |
| JANE MOFFETT, et al., | ) | |
| | ) | (Doc. 5) |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

On June 27, 2005, the Court heard Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") and for a more definite statement.  Plaintiffs, who are appearing pro se, did not appear at oral argument.  Upon due consideration of the written and oral arguments of the parties and the record herein, the motion to dismiss and for a more definite statement is GRANTED IN PART AND DENIED IN PART as set forth below.

**I.  Factual Background**

Plaintiffs are Eon Walden ("Plaintiff Walden") and Corey Victor ("Plaintiff Victor"), by and through his guardian ad litem Jumoke Walden (collectively, "Plaintiffs").  Plaintiff Walden is Plaintiff Victor's maternal grandmother and authorized caregiver. Plaintiff Victor was ten years old when the FAC was filed.

1

1    Defendants are Jane Moffett, the principal of Sonoma

2  Elementary School in Modesto, California; Marie Lagos, a second

3  grade teacher at Sonoma Elementary; James Enochs, Superintendent

4  of Modesto City Schools; Jim Pfaff, Assistant Superintendent of

5  Modesto City Schools; Sharon Felix-Rochon, the Director of the

6  Office of Equal Opportunity for the California Department of

7  Education; and the California Department of Education.

8    This case revolves around events occurring at Sonoma

9  Elementary School in Modesto, where Plaintiff Victor was a

10  student.  Plaintiffs, who are African-American, allege that as

11  students and parents in the Modesto City School District they are

12  victims of unfair and unequal religious and racially biased

13  disciplinary policies and practices at the hands of school

14  officials, teachers and personnel.  Plaintiffs are members of the

15  Jehovah's Witness faith and Plaintiff Walden is an ordained

16  minister within that religion.  A primary tenet of the Jehovah's

17  Witness religion is the open publication and public preaching of

18  their faith, a fact which Plaintiffs allege Defendants are aware.

19    Plaintiff Victor has an "articulation disorder, which is

20  below what is expected for his chronological age and development

21  level.  This disorder reduces intelligibility and significantly

22  interferes with communication and attracts adverse attention."

23  FAC ¶ 4.  Plaintiff Victor attended Sonoma Elementary School from

24  kindergarten until the fourth grade and was classified as a

25  Special Education student.

26    Plaintiffs allege that Defendants Lagos, Plaintiff Victor's

2

second grade teacher, and Moffett forced Plaintiff Victor to participate in Thanksgiving-related activities and that unspecified Defendants forced Plaintiffs to recite the Pledge of Allegiance.  Both activities are contrary to the tenets of the Jehovah's Witness faith.

On March 19, 2002, Plaintiff Victor was disciplined for defending himself in an altercation with a non African-American student.  Plaintiff Victor was sent home with a discipline slip and warning of a five day suspension while the non African-American student was not subjected to any disciplinary action.

On September 25, 2003, Plaintiff Victor was grabbed by his ear by an adult yard aid, called "black boy," and dragged across the school yard.  The incident was reported to Defendant Moffett but Defendant Moffett failed to act on the information, including failing to report the "abuse" to law enforcement authorities.

Plaintiffs further allege that on November 19, 2003, Plaintiff Walden was on school property to "observe lunchtime recess" because Plaintiff Victor was "repeatedly victimized by verbal and physical assaults" from other students and an adult yard aid during that time.  FAC ¶ 28.  Plaintiff Walden was on school grounds with the knowledge and consent of Defendant Moffett.  Plaintiff alleges that Defendant Moffett instructed school personnel to monitor Plaintiff Walden.  A Jehovah's Witness student requested Plaintiff Walden's assistance in explaining an illustration in a Jehovah's Witness publication that was part of a student-to-student Bible study.  Plaintiff

1  Walden offered a simple explanation regarding the illustration.

2  On that same visit Plaintiff Walden "made a calm and respectful

3  response to an Anglo-American fifth grader" who addressed

4  Plaintiff Walden using foul and vulgar language and threatened

5  Plaintiff Victor, who was then in the fourth grade.  FAC ¶ 35.

6  Plaintiff Walden's on-campus visitation privileges were revoked

7  following these encounters.

8      Plaintiff Walden's visitation privileges were eventually

9  reinstated.  Plaintiff Walden was warned that her privileges

10  would again be revoked if she was caught "sharing words of faith

11  with any student or having verbal contact of any kind with any

12  student" at the school.  Plaintiffs allege that the visitation

13  restrictions were based on Plaintiff Walden's race and religion.

14      Plaintiffs allege that the school district's practice of

15  placing students at schools far away from their school of

16  residence and the school district's failure to respond to the

17  complaints of harassment against African-American students forced

18  them to move to a "more racially tolerant environment."

19  **II.  Procedural History**

20      Plaintiffs filed their Complaint on December 10, 2004 and

21  their FAC on December 17, 2004.[1]  The FAC[2] alleges thirteen

---

[1] At Defendants' request, the Court hereby takes judicial notice of Plaintiffs' verified Complaint and FAC.  Fed. R. Evid. 201.

[2] The FAC purports to be a class action.  Although a party may appear in propria person on his or her own behalf, that privilege is personal.  See Russel v. United State, 308 F.2d 78, 79 (9th Cir. 1962); McShane v. United States, 366 F.2d 2886, 288 (9th Cir. 1966).  A pro se party may not represent a class.

4

causes of action.  The first claim is for violation of Plaintiffs' First Amendment rights to religious freedom and is based on Plaintiff Victor's being forced to say the Pledge and participate in Thanksgiving activities and on Plaintiff Walden's visitation privileges being revoked following her response to the students regarding the religious illustration.  The second claim, which is also based on the revocation of Plaintiff Walden's visitation privileges, is for violation of Plaintiffs' First Amendment rights to free speech.

The third claim is for "racial profiling" based on Defendant Moffett's instruction to school staff to monitor Plaintiff Walden's actions on campus.  The fourth claim is for defamation based on a statement allegedly made by Defendant Moffett that Plaintiff Walden had "various (disruptive) encounters with yard duty, teachers, students and parents" and that parents had complained about Plaintiff Walden.  The fifth claim is for slander based on "defamatory comments, false accusations and felonious reports."

The sixth claim is for violation of due process based on a denial of fair hearings before Plaintiffs' rights were revoked. The seventh claim is an equal protection claim based on the incident occurring on March 19, 2002.  The eighth claim is a section 1983 claim based on Defendants' holding African-American students and parents to higher standards than those set forth in district policies.

The ninth claim is for violation of the Equal Educational

Opportunity Act of 1974, 20 U.S.C. §§ 1701 et seq., based on the alleged practice of Modesto City Schools to transfer African-American students to schools that are farther away from their residence and failure of District personnel to respond to complaints from African-American parents.  The tenth claim is for wrongful use of a civil proceeding based on "unwarranted and malicious disciplinary hearings."  The eleventh, twelfth and thirteenth claims are negligence claims based on the school district's practices regarding disciplining African-American students more harshly than Anglo-American students and not taking measures to protect African-American students from harassment as well as negligent supervision of school district personnel.

Defendants[3] Moffett, Lagos, Enochs and Pfaff have moved to dismiss the FAC, with the exception of claim nine, for failure to state a claim and failure to comply with the California Tort Claims Act.  Defendants have moved in the alternative for a more definite statement.

Plaintiffs' opposition focuses primarily on the lenient dismissal standard and raises little substantive opposition.  It does, however, assert that Plaintiffs complied with the Tort Claims Act, an allegation that is missing from the FAC.

///

///

---

[3] Defendants Sharon Felix-Rochon and the California Department of Education have not made appearances in this case or joined in the instant motion.

6

## III.  Legal Standards

### A.  Motion to Dismiss

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).  In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The Court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994).

A complaint may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims. De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).  Also, the pleadings of *pro se* litigants "are held to less stringent standards than formal pleadings drafted by lawyers."

1 Hughes v. Rowe, 449 U.S. 5, 10, 66 L. Ed. 2d 163, 101 S. Ct. 173

2 (1980) (quotation omitted).

3 **B.   Motion for a More Definite Statement**

4 Rule 12(e) allows for a motion for a more definite statement

5 if the pleading "is so vague or ambiguous that a party cannot

6 reasonably be required to frame a responsive pleading." Fed. R.

7 Civ. P. 12(e). Motions for a more definite statement are

8 disfavored, but are within the Court's discretion and may be

9 appropriate in certain situations. If a deficiency in a

10 complaint is "not so material that the pleading should be

11 dismissed under Rule 12(b)(6), a more definite statement is

12 appropriate." 2 Moore's Federal Practice, § 12.36[1] (Matthew

13 Bender 3d ed.). However, "where the information sought by the

14 moving party is available and/or properly sought through

15 discovery the motion [for a more definite statement] should be

16 denied." Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.

17 Supp. 940, 950 (E.D. Cal. 1981).

18 **IV.   Discussion**

19 **A.   Plaintiffs' Federal Claims (Claims 1-2 & 6-9)**

20 **1.   Freedom of Religion (Claim One)**

21 Plaintiffs allege that Defendants "violated plaintiffs'

22 religious beliefs" by their actions. Plaintiffs specifically

23 allege that Defendants Moffett and Lagos forced Plaintiff Victor

24 to participate in a Thanksgiving activity, the coloring of a

25 picture of a turkey, and in "flag pledging ceremonies."

26 Plaintiffs further allege that their right to freedom of religion

1  was abridged when Plaintiff Walden's visitation privileges were

2  revoked after her response to the students in the Bible study.

3       To establish a violation of the Free Exercise clause of the

4  First Amendment, a plaintiff must show that the challenged state

5  action "has a coercive effect that operates against the

6  litigant's practice of his or her religion." Grove v. Mead Sch.

7  Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir. 1985), *cert. denied*,

8  474 U.S. 826 (1985).  Three factors are relevant to the analysis

9  of the state action at issue: "(1) the extent of the burden upon

10 the exercise of religion, (2) the existence of a compelling state

11 interest justifying that burden, and (3) the extent to which

12 accommodation of the complainant would impede the state's

13 objectives."  Id.

14               **a.   Thanksgiving Activities & the Pledge**

15      Defendants did not specifically address the free exercise

16 claim as it relates to the pledge and the Thanksgiving crafts.

17 Defendants' counsel conceded at oral argument that there is no

18 challenge at this time to Plaintiff Victor's claims on this

19 basis.  Although there may be some question whether having to

20 participate in Thanksgiving activities runs afoul of the First

21 Amendment, see Palmer v. Bd. of Educ. of Chicago, 466 F. Supp.

22 600, 604 (N.D. Ill. 1979), there is no question that school

23 officials cannot require a child to participate in the recitation

24 of the Pledge of Allegiance.  West Virginia State Bd. of Educ. V.

25 Barnette, 319 U.S. 624, 642, 87 L. Ed. 1628, 63 S. Ct. 1178

26 (1943).  To the extent Plaintiffs allege that Defendants required

Plaintiff Victor to say the pledge, this could be a coercive

effect on the practice of Plaintiff Victor's religion.

Defendants' motion to dismiss this portion of claim one is

DENIED.

As to Plaintiff Walden on this aspect of claim one,

Plaintiff Walden, as Plaintiff Victor's guardian, has a right to

control the religious upbringing of Plaintiff Victor. Wisconsin

v. Yoder, 406 U.S. 205, 32 L. Ed. 2d 15, 92 S. Ct. 1526, (1972);

see also Grove, 753 F.2d at 1531. The pledge allegation is

sufficient at this point to state an interference claim, and

Defendants' motion to dismiss this aspect of claim one is DENIED.

In moving for a more definite statement as to Plaintiff

Victor's claims, Defendants note that Ms. Lagos was Plaintiff

Victor's second grade teacher and postulate that, because

Plaintiff Victor is now at least in the fourth grade, this claim

is barred by the two-year statute of limitations governing

section 1983 claims in California. Defendants argue that

"Plaintiff Corey Victor should not be allowed to avoid an early

disposition of his time-barred claims through intentionally vague

and uncertain pleadings." Defs.' Mot. at 8.

Defendants are not entitled to a more definite statement as

to this aspect of claim one. Dates are properly a matter for

discovery; a party is not required to plead around a statute of

limitations.[4]  See Jacobsen v. Schwarzenegger, 357 F. Supp. 2d

---

[4]  California law also tolls the statute of limitations for
minors in certain cases. See Cal. Code Civ. Pro. § 352.

1198, 1217 (C.D. Cal. 2004).  The lack of dates does not deprive Defendants of the ability to frame a responsive pleading and the motion for a more definite statement is DENIED as to this claim.[5]

### b.  Revocation of Plaintiff Walden's Visitation Rights

The question as to this allegation is whether Defendants' revocation of Plaintiff Walden's campus visitation privileges had a coercive effect that operated against Plaintiff Walden's practice of religion.  It did not.  Defendants are not alleged to have told Plaintiff Walden that she could not practice her Jehovah's Witness faith, but rather than she could not discuss religious issues with students during recess.  Not allowing Plaintiff Walden to espouse her religious beliefs on the playground is not a burden on her free exercise of religion. DiLoreto v. Bd. of Educ., 74 Cal. App. 4th 267 (1999) (applying First Amendment principles to determine whether action violated California Constitution).  This is, if anything, a free speech issue, which will be addressed in the next section.

Accordingly, Defendants' motion to dismiss claim one is GRANTED with leave to amend to the extent claim one is based on the revocation of Plaintiff Walden's visitation rights and DENIED to the extent it is based on Plaintiff Victor's being required to participate in the Pledge of Allegiance and holiday activities.

---

[5] Although the allegations are sufficient, it would be proper for Plaintiffs to separate claim one into two claims in the SAC, one on behalf of Plaintiff Victor, and one on behalf of Plaintiff Walden.

## 2.   Freedom of Speech (Claim Two)

Plaintiff Walden alleges that her right to freedom of speech was violated by Defendants when her visitation privileges were suspended following her exchange with the Bible study students and her encounter with the fifth-grader who used vulgar language toward her.  Plaintiffs also allege that the restriction placed on future visits that Plaintiff Walden not have verbal contact of any kind with students violates Plaintiff Walden's free speech rights.  Plaintiffs assert that this is an "attempt at abridging the free speech of African-American and non-mainstream religion parents who wish to exercise their right to have a high profile presence on school campuses in order to ensure the Constitutional Rights of their children are not being abridged."  FAC ¶ 38.

Defendants argue that Plaintiffs' conduct is not protected and that, because Sonoma Elementary School is a non-public forum during school hours, Plaintiff Walden's speech may be regulated.

"Expression, whether oral or written or symbolized by conduct, is subject to reasonable time, place, or manner restrictions."  Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293, 104 S. Ct. 3065, 82 L. Ed. 2d 221 (1984).  The burden is on the person "desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies."  Id. at 294 n.5.

As an initial matter, "[r]eligious educators may not come into the school during the course of the school day in order to provide religious instruction to the students."  Ronna Greff

12

Schneider, 1 <u>Education Law: First Amendment Due Process and</u>
<u>Discrimination Litigation</u> § 1:17 (West 2004) (citing <u>Illinois ex</u>
<u>rel. McCollum v. Bd. of Educ. of School Dist No. 71</u>, 333 U.S.
203, 92 L. Ed. 649, 68 S. Ct. 461 (1948)).  Because Plaintiff
Walden had no right to provide religious instruction in any form,
it was not a violation of her First Amendment rights to revoke
her visitation privileges or to advise her that she could not do
so in the future.  This claim could likely be dismissed on this
basis alone, however Defendants have provided an alternate basis
for dismissal which merits discussion.

In <u>Hazelwood Sch. Dist. v. Kuhlmeier</u>, 484 U.S. 260, 267, 98
L. Ed. 2d 592, 108 S. Ct. 562 (1988), the Supreme Court held that
"school facilities may be deemed to be public forums only if
school authorities have 'by policy or practice' opened those
facilities 'for indiscriminate use by the general public' or by
some segment of the public, such as student organizations."
Where no public forum has been created, school officials are free
to "impose reasonable restrictions on the speech of students,
teachers, and other members of the school community."  <u>Id.</u>

Plaintiffs have not alleged that the Modesto City School
District has opened up its campuses for indiscriminate use by the
general public.  Nor do Plaintiffs challenge the authority of the
school or its officials to issue or revoke visitation privileges.
Rather, Plaintiffs object to the reason behind the revocation,
Plaintiff Walden's speech.  Plaintiffs also acknowledge that
Plaintiff Walden's visitation rights were reinstated but were

1  subject to a speech restriction.

2      In the case of a non-public forum, access may be controlled

3  "based on subject matter and speaker identity so long as the

4  distinctions drawn are reasonable in light of the purpose served

5  by the forum and are viewpoint neutral." Cornelious v. NAACP

6  Legal Defense & Educ. Fund, 473 U.S. 788, 806 (1985). "Although

7  a speaker may be excluded from a nonpublic forum if he wishes to

8  address a topic not encompassed within the purpose of the forum,

9  or if he is not a member of the class of speakers for whose

10 especial benefit the forum was created, the government violates

11 the First Amendment when it denies access to a speaker solely to

12 suppress the point of view he espouses on an otherwise includible

13 subject." Id. In the case of school non-public forums, the test

14 is whether the restrictions are "reasonably related to legitimate

15 pedagogical concerns." Hazelwood, 484 U.S. at 273.

16     Plaintiffs' contention that parents have a "right to have a

17 high profile presence on school campuses" in order to safeguard

18 the rights of their children in unsupported by citation. Absent

19 authority for this "right," refusing Plaintiff Walden's

20 visitation privileges does not constitute an abridgement of

21 speech; the only speech-related right alleged is to discuss

22 religion, and, as mentioned, there is no such right on school

23 campuses. Even if Plaintiff Walden did have such a right, there

24 is no allegation that other individuals were allowed to speak to

25 students regarding religion during the recess periods, and thus

26 there is no allegation that Plaintiff Walden was excluded based

14

1   on her viewpoint.  The FAC alleges that Plaintiff Walden's

2   purpose in being at the school was to "observe" the recess, not

3   to discuss religion with students.  It follows that because

4   religion is not a topic encompassed within the purpose of the

5   school, a nonpublic forum, Plaintiff Walden may properly be

6   excluded therefrom if she wishes to address such topics.

7         In sum, Plaintiff Walden does not have a right to engage in

8   religious speech at the school and there is no allegation that

9   Plaintiff Walden was discriminated against based on viewpoint,

10   i.e. that other parents were allowed to discuss religious issues

11   with children during recess.  As such, Plaintiff  cannot state a

12   claim based on a free speech violation.  Accordingly, Defendants'

13   motion to dismiss Plaintiffs' second claim for violation of the

14   First Amendment is hereby GRANTED.  Plaintiffs may amend the FAC

15   to allege viewpoint discrimination if such allegation may be

16   included within the strictures of Rule 11 of the Federal Rules of

17   Civil Procedure.

18               **3.   Racial Profiling (Claim Three)**

19         The FAC does not cite a statutory basis for Plaintiffs'

20   claim entitled "racial profiling."  To the extent Plaintiffs

21   assert claims based on disparate treatment because of race, these

22   should be addressed within Plaintiffs' equal protection claim.

23   Accordingly, because this claim is unsupported by any cognizable

24   legal theory, <u>Balistreri</u>, 901 F.2d at 699, Defendants' motion to

25   dismiss is GRANTED and this claim is DISMISSED WITH PREJUDICE.

26   ///

### 4.  Due Process (Claim Six)

Defendants argue that Plaintiffs' due process claim is deficient as currently alleged.  Although Plaintiffs' claim is entitled "substantive due process," the FAC alleges that Plaintiffs were denied their due process rights when "Modesto City School District officials and the California Department of Education denied plaintiffs the right to fair hearings conducted in a competent manner."  FAC at ¶ 54.  The FAC further alleges that Plaintiffs "were denied basic procedural rights when defendants failed to provide legitimate evidence and/or witnesses to present appropriate evidence and justification for the revocation of and the denial of certain students' and parents' rights."  FAC at ¶ 54.  Defendants correctly argue that Plaintiffs' claim is, if anything, a procedural due process one.

To plead an action for a violation of procedural due process a plaintiff must allege a deprivation of a constitutionally protected liberty or property interest and a denial of adequate procedural protections.  <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir. 2003).  The first inquiry in a procedural due process claim, as in any section 1983 claim, is whether the plaintiff has been deprived a right secured by the Constitution or federal laws.  <u>Baker v. McCollan</u>, 443 U.S. 137, 140, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979).  The adequacy of the procedures used is only considered after it is determined that a protected interest was involved.  "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life,

16

liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Zinermon v. Burch, 494 U.S. 113, 126, 108 L. Ed. 2d 100, 110 S. Ct. 975 (1990).

The Individuals with Disabilities in Education Act ("IDEA") was meant to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected." Robb v. Bethel Sch. Dist. No. 40, 308 F.3d 1047, 1049 (9th Cir. 2002) (quoting 20 U.S.C. § 1400(d)). Here, although the pleadings are not perfect, Plaintiffs do allege that they were denied a fair hearing relevant to Plaintiff Victor's schooling. At this stage in the litigation, the existence of a protected right and the allegation that the processes used were inadequate is sufficient.

Accordingly, Defendants' motion to dismiss and for a more definite statement of claim six is DENIED.

## 5.   Equal Protection (Claim Seven)

Defendants argue that Plaintiff Victor's equal protection claim is time-barred. Section 1983 claims are subject to the forum states' statute of limitations for personal injury actions. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). Until January 1, 2003, the statute of limitations was one year in California. Id. at 1014. Effective January 1, 2003, personal

17

injury actions in California became subject to a two-year statute of limitations period.  See Cal. Code Civ. Pro. § 335.1.  The two year limitation period does not apply retroactively to acts or omissions occurring or causes of action accruing before the effective date of section 335.1.  Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).

While state law determines the length of the limitations period, federal law determines when a civil rights claim accrues. Knox, 260 F.3d at 1013.  Under federal law, a "claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Id. (quotations omitted).

Defendants argue that "Plaintiff Corey Victor's allegations regarding disparate disciplining on the basis of race is barred by the applicable statute of limitations."  Defs.' Mot. at 14. The altercation took place at Sonoma Elementary School on March 29, 2002, and the date of accrual would be on or near that date. Defendants assert that this allegation is outside the two-year statute of limitations.

First, a claim that accrues prior to 2003 is subject to a one year statute of limitations.  Second, despite the one-year limitation period, California law provides a tolling provision for the claims of minors.  Cal. Code Civ. Pro. § 352(a).  The FAC alleges that Plaintiff Victor was a minor as of the filing date in 2004, and it appears that the provision applies.  Moreover, there are other allegations within the FAC that are relevant to the equal protection issue and sufficient to state a claim,

1 particularly given the lesser standard governing the pleadings of

2 pro se plaintiffs.   FAC ¶¶ 15, 17-18, 42-47, 66-71, 86-91.

3   Accordingly, Defendants' motion to dismiss claim seven is

4 DENIED.   Additionally, the allegations are sufficient to allow

5 Defendants to frame a responsive pleading.   Defendants' motion

6 for a more definite statement as to this claim is DENIED.

7 **6.  Civil Rights Act of 1964 (Claim Eight)**

8   Defendants argue that Plaintiffs have failed to allege which

9 provision of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et*

10 *seq.*, was violated.   Defendants also argue that Plaintiffs' broad

11 allegation that "defendants hold African-American students and

12 parents and other students and parents of color accountable to

13 higher standards than those set forth in District policies and

14 procedures," and hold Anglo-American students and parents to less

15 stringent standards, is insufficient to state a claim.

16   There is a possibility, on the facts alleged, that

17 Plaintiffs may be able to state a legally cognizable claim under

18 the Civil Rights Act.   This makes dismissal with prejudice

19 inappropriate.   However, even applying the lenient standard for

20 the pleadings of pro se plaintiffs, this claim is insufficient to

21 enable Defendants to frame a responsive pleading.   Defendants'

22 motion to dismiss this claim is DENIED, however Defendants'

23 motion for a more definite statement is GRANTED as to this claim.

24 Plaintiffs must, at a minimum, specify the provision of the Civil

25 Rights Act of 1964 under which their claim arises and the

26 corresponding facts if not already alleged.

19

**B.  Plaintiff's State Law Claims**

**1.  California Tort Claims Act**

**a. Failure to Allege Compliance**

Defendants argue that Plaintiffs' state law claims fail because the FAC does not allege compliance with California Tort Claims Act, Cal. Govt. Code section 810, *et seq.*.

Government Code section 945.4 provides that "no suit for money or damages may be brought against a public entity" until after a written claim for damages has been presented to the public entity.  A claim relating to "injury to the person" must be filed within six months of accrual.  Cal. Govt. Code § 911.2. Compliance with the claim procedure is an integral part of a plaintiff's cause of action and must be pleaded and proved. State of California v. Sup. Ct. of Kings County (Bodde), 32 Cal. 4th 1234, 1239 (2004).  Failure to allege compliance with the Tort Claims Act is fatal to a plaintiff's state law claims.

While a claim is not required in order to maintain an action against a public employee for injury resulting from an act or omission in the scope of the public employee's employment, Cal. Govt. Code § 950, if an action against the employing public entity is barred, so is an action against any employee thereof. Cal. Govt. Code § 950.2.  A school district, such as Modesto City Schools, is a public entity under the Tort Claims Act.  Cal. Govt. Code § 811.2; Wright v. Compton Unified Sch. Dist., 46 Cal. App. 3d 177, 181-82  (1975).  Accordingly, if an action against the school district is barred, the action against individual

Defendants is likewise barred.[6]

The FAC does not allege compliance with the Tort Claims Act. Plaintiffs argue in their opposition that the state law claims should not be dismissed because Plaintiffs did in fact comply with the Tort Claims Act. As proof, Plaintiffs attached a copy of the notice of dismissal issued by the Modesto City Schools to their opposition. <u>See</u> Pls.' Opp'n (Doc. 14) Ex. A. However, as mentioned, compliance with the claims requirement be included in the complaint. Accordingly, because the FAC fails to allege compliance with the Tort Claims Act, dismissal on this basis is appropriate. Defendants' motion to dismiss Plaintiffs' state law claims is GRANTED.

As to the issue of an amendment, Plaintiffs have already amended once as of right, and thus must have leave of court to amend again. Fed. R. Civ. P. 15(a). The standard for allowing amendment under Rule 15 of the Federal Rules of Civil Procedure is a lenient one, however a court may decline to allow amendment where amendment would be futile. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

---

[6] Defendants also point out that Plaintiffs' naming of Defendants in both their individual and official capacities does not alter the outcome because, where the purpose of the conduct is within the official duties of the defendant, it is within the course and scope of the employment. <u>Hardy v. Vial</u>, 48 Cal. 2d 577, 583 (1957). This is correct. So long as the end to be accomplished is within the employee's express or implied authority, the employee's acts are deemed to be within the scope of employment irrespective of the nature of those acts. <u>White v. Towers</u>, 37 Cal. 2d 727, 733 (1951). All of the alleged acts were within the scope of Defendants' various positions within the school district.

1    Here, Defendants argue that Plaintiffs' exhibit, the
2  rejection notice, conclusively demonstrates that Plaintiffs state
3  law claims will fail.  The notice is dated March 2, 2004.
4  Defendants argue that Plaintiffs' state law claims are time-
5  barred because, under the California Government Code, a party has
6  six months from the date of a rejection of a claim to file suit.
7  The notice provided to Plaintiffs states that:

8         Subject to certain exceptions, you have six (6) months
          from the date this notice was personally delivered or
9         deposited in the mail to file a court action on this
          claim. (Govt. Code Section 945.6).
10

11  This requirement is codified in section 945.6 of the California
12  Government Code.  Plaintiffs' filed their original complaint on
13  December 10, 2004, approximately nine months after the date on
14  the notice.  Defendants thus argue that Plaintiffs' state law
15  claims are time-barred, which would make allowing amendment of
16  the FAC futile as to the state law claims.

17    Plaintiffs argue that the statute of limitations for the
18  state law claims of Plaintiff Victor was tolled because he is a
19  minor.  As discussed, supra, section 352 of the California Code
20  of Civil Procedure provides for the tolling of the statute of
21  limitations for minors.  However, section 352 expressly states
22  that it "does not apply to an action against a public entity or
23  public employee upon a cause of action for which a claim is
24  required . . .."  Cal. Code Civ. P. § 352(b).  The legislative
25  history of subsection (b) is illustrative.  The exception was
26  added so that section 352 . . .

1  will not apply to the causes of action against a public
   entity or public employee described in this
2  subdivision.  Such actions are governed by the period
   of limitations specified in [section 945.6(a)].  To
3  safeguard the minor or incompetent from an inadvertent
   reliance on the tolling provision of Section 352,
4  notice of rejection of his claim in the form provided
   in Government Code Section 913 is required to be given
5  by the public entity.  If notice is not given, the
   claimant has two years from the accrual of his cause of
6  action in which to sue. . . .

7  Cal. Code Civ. Pro. § 352 comment.

8      Because the tolling provision is inapplicable and because

9  notice of the rejection was provided, Plaintiffs' had six months

10 in which to file their complaint. Accordingly, because

11 Plaintiffs' failed to file their complaint within six months of

12 the rejection notice, even if they were allowed to amend the FAC

13 to allege compliance with the Tort Claims Act, the state law

14 claims would be barred by Government Code section 945.6, making

15 amendment futile.  Accordingly, Plaintiffs' state law claims –

16 claims four, five, ten, eleven, twelve and thirteen – are

17 DISMISSED WITHOUT LEAVE TO AMEND.

18              **2.  Alternate Bases for Dismissal**

19              **a.  Defamation & Slander (Claims Four & Five)**

20     Section 340(c) of the California Code of Civil Procedure

21 provides that an action for libel or slander must be brought

22 within one year of the accrual of the cause of action.  Cal. Code

23 Civ. P. § 340(c); <u>Shively v. Bozanich</u>, 31 Cal. 4th 1230, 1246

24 (2003) (recognizing applicability of one year statute of

25 limitations to defamation).  A cause of action for defamation

26 accrues at the time the defamatory statement is "published."

1  <u>Shively</u>, 31 Cal. 4th at 1246-47.  Publication occurs when the

2  defendant "communicates the defamatory statement to a person

3  other than the person being defamed."  <u>Id.</u>

4      Here, the alleged defamatory and slanderous statements were

5  made by Defendant Moffett on November 19, 2003.  The Complaint

6  was filed on December 10, 2004, which is more than one year

7  later.  Defendants' motion to dismiss claims four and five on

8  this bases is GRANTED and these claims are DISMISSED.

9                    **b.  Wrongful Use of Civil Proceeding (Claim Ten)**

10     Defendants correctly argue that no claim for "wrongful use

11 of a civil proceeding" exists and construe Plaintiffs' tenth

12 claim as one for abuse of process.  Defendants argue that it

13 nonetheless fails because such claims are only viable in the case

14 of legal, not administrative, proceedings.  Abuse of process is

15 the "use of the machinery of the legal system for an ulterior

16 motive . . .."  <u>Trear v. Sills</u>, 69 Cal. App. 4th 1341, 1359

17 (1999).  The tort of abuse of process does not extend to the

18 misuse of administrative proceedings; it requires the misuse of

19 the judicial process.  <u>Stolz v. Wong Communications LP</u>, 25 Cal.

20 App. 4th 1811, 1822-23 (1994).

21     Here, Plaintiffs do not allege that any civil action has

22 been filed against them.  Rather, Plaintiffs allege that they

23 have been subjected to "unwarranted and malicious disciplinary

24 hearings."  Absent an allegation that the court system has been

25 used against them, Plaintiffs cannot state a claim for abuse of

26 process.  Accordingly, Defendants' motion to dismiss claim ten on

1   this bases is GRANTED and this claim is DISMISSED WITH PREJUDICE.

2   **C.  Defendant's Remaining Requests for More Definite**

3   **Statements**

4        Defendants take issue generally with the fact that, in

5   alleging their federal claims, Plaintiffs use the term

6   "defendants" rather than specifying which allegations are against

7   which Defendants.  Defendants cite a district court case from

8   Wisconsin, Van Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp.

9   277 (E.D. Wis. 1975), in support of the assertion that a

10  complaint that refers generally to "Defendants" is subject to a

11  more definite statement.

12       Van Dyke Ford, in addition to being non-binding authority,

13  is dissimilar to the instant case.  There, the court granted one

14  defendant's request for a more definite statement where written

15  agreements were involved and where the allegations did not

16  specify to which of the five plaintiffs or nine defendants the

17  allegations referred.  Van Dyke Ford, 399 F. Supp. at 284.  In

18  contrast, here there are two closely related plaintiffs and

19  Defendants have not argued that it is difficult to discern which

20  plaintiffs allege which claims.  Nor are there numerous separate

21  and independent defendants as was the case in Van Dyke Ford.

22  Defendants are all employees of the same public entity.

23       Accordingly, given the notice pleading required by Rule 8 of

24  the Federal Rules of Civil Procedure, the liberal standard

25  governing the pleadings of pro se litigants and the disfavored

26  status of motions for a more definite statement, Defendants'

1   request on the this basis is DENIED.  Except as specified herein

2   as to claim eight, the allegations are sufficient to enable

3   Defendants to frame a responsive pleading.

4       **ACCORDINGLY IT IS ORDERED THAT**, Defendants' motion to

5   dismiss and for a more definite statement is hereby GRANTED IN

6   PART AND DENIED IN PART as set forth herein.

7       **FURTHER ORDERED THAT** Plaintiffs' state law claims (claims

8   four, five, ten, eleven, twelve and thirteen) and claim three are

9   DISMISSED WITH PREJUDICE.

10       **FURTHER ORDERED THAT** Plaintiffs must submit a more definite

11   statement as to claim eight.  This may be done via a second

12   amended complaint ("SAC"); in the interests of justice,

13   Plaintiffs may amend any claims not dismissed with prejudice

14   above.  Such amendment is subject to the strictures of Rule 11.

15       **FURTHER ORDERED THAT** Plaintiffs' SAC shall be filed on or

16   before October 24, 2005.

17

18   IT IS SO ORDERED.

19   **Dated:  September 6, 2005**        **/s/ Robert E. Coyle**

20   ia40ij                    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26