IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EON WALDEN, et al., | ) | No. CV-F-04-6680 REC/DLB |
| | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR MORE DEFINITE |
| Plaintiff, | ) | STATEMENT OR TO DISMISS AND |
| | ) | DIRECTING PLAINTIFFS TO FILE |
| vs. | ) | THIRD AMENDED COMPLAINT |
| | ) | WITHIN 30 DAYS OF FILING |
| | ) | DATE OF ORDER |
| JANE MOFFETT, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

By Order filed on September 7, 2005, the court ordered plaintiffs to submit a more definite statement with regard to Claim Eight in the First Amended Complaint by way of amendment in the Second Amended Complaint. In so ordering, the court ruled in pertinent part:

> Defendants argue that Plaintiffs have failed to allege which provision of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et seq., was violated. Defendants also argue that Plaintiffs' broad allegation that 'defendants hold African-American students and parents and other students and parents of color accountable to higher standards than those set forth in District policies and

1

> procedures,' and hold Anglo-American students and parents to less stringent standards, is insufficient to state a claim.
>
> There is a possibility, on the facts alleged, that Plaintiffs may be able to state a legally cognizable claim under the Civil Rights Act.  This makes dismissal with prejudice inappropriate.  However, even applying the lenient standard for the pleadings of pro se plaintiffs, this claim is insufficient to enable Defendants to frame a responsive pleading.  Defendants' motion to dismiss this claim is DENIED, however Defendants motion for a more definite statement is GRANTED as to this claim. Plaintiffs must, at a minimum, specify the provision of the Civil Rights Act of 1964 under which their claim arises and the corresponding facts if not already alleged.

In the Second Amended Complaint, plaintiffs allege as the Fourth Claim for Relief a violation of the Civil Rights Act of 1964. The Fourth Claim alleges:

> 23.  Plaintiffs allege the Defendants have violated Title VI of the Civil Rights Act of 1964 by encouraging, entrenching and subsidizing acts and omissions that have resulted in racial discrimination against the Plaintiffs.
>
> 24.  Plaintiffs contend Defendants' flagrant disregard for Federal law, [sic] has resulted in racially based discrimination of the Plaintiffs, and that such victimization forced Plaintiff Victor to attend school in a hostile learning environment, thereby creating a disparate impact on the Plaintiffs.

Defendants have filed a motion for more definite statement with regard to the Fourth Claim for Relief, contending that the reference in the Fourth Claim to Title VI of the Civil Rights Act of 1964 is still too broad and vague to allow defendants to file

2

a responsive pleading.  Alternatively, defendants move to dismiss the Fourth Claim if plaintiffs persist in failing to allege the specific provision of Title VI allegedly violated by defendants.

Plaintiffs, who are proceeding <u>in pro per</u>, have filed a statement of non-opposition to the motion for more definite statement.

Because of the statement of non-opposition, the court grants defendants' motion with leave to amend.  The Fourth Claim alleges that it is based on Title VI of the Civil Rights Act of 1964.  Title VI is codified at 42 U.S.C. § 2000d.  Section 2000d provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

The pleading requirements for a claim under Title VI are set forth in <u>Fobbs v. Holy Cross Health System Corp.</u>, 29 F.3d 1439, 1447 (9th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1127 (1995), <u>overruled on other grounds</u>, <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131 (9th Cir. 2001).

The court will grant plaintiffs the opportunity to amend to state a claim upon which relief can be granted under Title VI.  Failure to timely comply will result in the dismissal of the claim under Title VI.

ACCORDINGLY:

1.  Defendants' motion for more definite statement or to

3

dismiss is granted with leave to amend.

    2.  Plaintiffs are ordered to file a Third Amended Complaint in accordance with this Order within 30 days of the filing date of this Order.  Failure to timely comply will result in the dismissal of plaintiffs' claim for relief under Title VI of the Civil Rights Act of 1964.

    IT IS SO ORDERED.

**Dated:  December 29, 2005**       **/s/ Robert E. Coyle**
668554                              UNITED STATES DISTRICT JUDGE