IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

EON WALDEN, et al.,          )          No. CV-F-04-6680 REC/DLB
                             )
                             )          ORDER GRANTING DEFENDANTS'
                             )          MOTION TO DISMISS SECOND AND
          Plaintiff,         )          FOURTH CLAIMS FOR RELIEF IN
                             )          THIRD AMENDED COMPLAINT AND
     vs.                     )          DIRECTING PLAINTIFFS TO FILE
                             )          FOURTH AMENDED COMPLAINT
                             )          WITHIN 30 DAYS OF FILING
JANE MOFFETT, et al.,        )          DATE OF ORDER
                             )
                             )
          Defendant.         )
                             )
_____)

     On April 3, 2006, the court heard defendants' motion to dismiss the Second and Fourth Claims for Relief in the Third Amended Complaint.  No appearance was made at oral argument by plaintiffs.

     Upon due consideration of the arguments of the parties and the record herein, the court grants defendants' motion with leave to amend for the reasons set forth herein.

     Plaintiffs, Eon Walden and Corey Victor through his guardian ad litem Jumoke Walden, proceeding in pro per, have filed a Third

1

Amended Complaint (hereinafter referred to as the TAC).  The TAC alleges in pertinent part:

> 3. ... Plaintiff Corey Victor is now an 11 year old student and is described by Modesto City Schools as a 'personable young man of African-American male heritage who presents quite friendly.'  Corey has an articulation disorder, which is below what is expected for his chronological age and development level.  This disorder reduces intelligibility and significantly interferes with communication and attracts adverse attention.  Corey is classified as a Special Education student.  Although not an ADHD or ADD student, Modesto City Schools did determine Corey has a 'problem attending.'  Corey has never been a discipline problem, either inside or outside of the home.  He attended Sonoma Elementary School from kindergarten to fourth grade.  He is a member of the Jehovah's Witness faith.

Plaintiff Eon Walden, of African-American heritage, is alleged to be Corey's maternal grandmother and authorized caregiver as well as an ordained minister in the Jehovah's Witness religion.  Named as defendants are Jane Moffett, principal of Sonoma Elementary School; Marie Lagos, teacher at Sonoma Elementary School; James Enochs, Superintendent of Modesto City Schools; Jim Pfaff, Assistant Superintendent of Modesto City Schools; and Does 1-100.  The TAC further alleges:

> 9.  This action arises out of the racial and religious discrimination meted out by defendants Jane Moffett, Marie Lagos, James Enochs and Jim Pfaff ....

> 10.  Plaintiffs allege that during their time as student and parent in the Modesto City School District, they have been the victims of assault and battery, harassment, and other violations of their Federally protected rights.

1          11.   Plaintiffs allege Modesto City School
           officials, teachers and personnel have failed
2          to address Plaintiffs' victimizations and
           that said failures are to Defendants' racial
3          and religious bias.

4          12.   Plaintiffs allege that the Defendants'
           policies of racial and religious bias have
5          created a disparate impact on Plaintiffs.

6  The Second Claim for Relief in the TAC is captioned "Violation of

7  Plaintiff's Constitutional Right to Substantive Due Process" and

8  alleges:

9          15.   Plaintiffs allege their Right to Due
           Process was breached when Modesto City School
10         District officials and personnel denied
           Plaintiff Victor the right to fair hearings
11         conducted in a competent manner.

12         16.   Plaintiffs further allege Defendants
           failed to protect Plaintiff Victor's rights
13         and that such failures constitute a violation
           of the Individuals With Disabilities in
14         Education Act and the Americans with
           Disabilities Act of 1990.
15
   The Fourth Claim for Relief is captioned "Violation of the Civil
16
   Rights Act of 1964" and alleges:
17
           22.   Plaintiffs allege the Defendants have
18         violated Title VI of the Civil Rights Act of
           1964 by encouraging, entrenching and
19         subsidizing acts and omissions on the part of
           the Anglo-American Modesto City School
20         teachers, officials and students that
           resulted in racial discrimination against the
21         Plaintiffs.

22         23.   Plaintiffs contend Defendants' flagrant
           disregard for Federal law, resulted in
23         racially based physical and psychological
           victimizations of the Plaintiffs.  During one
24         victimization, an older Anglo-American
           student assaulted Plaintiff Victor so
25         severely that Plaintiff Victor's clothing was
           totally destroyed during the physical attack.
26

                                3

1      24.   Although Plaintiffs demanded and received monetary compensation from Modesto City School officials for Plaintiff Victor's destroyed personal property, Plaintiffs contend Modesto City School officials failed to take disciplinary action against the older Anglo-American aggressor.

25.   Plaintiffs contend District sanctioned victimization of this kind are racially based and denote racial inferiority on the part of African-American students, and that said denotation results in racial discrimination against African-American students and parents.

26.   Plaintiffs further contend this racial denotation denied Plaintiff Victor the right to attend school in a racially friendly educational environment and discouraged Plaintiff Victor from the enjoyment, service, aid and benefit of Modesto City School facilities and programs.

The TAC prays for actual, compensatory and punitive damages.

Defendants move to dismiss the Second and Fourth Claims for Relief pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.[1]

Dismissal of a claim pursuant to Rule 12(b)(6) is proper if

---

[1]Plaintiffs' opposition to the motion to dismiss was not filed until March 24, 2005.  Pursuant to Rule 78-230(c), Local Rules of Practice, plaintiffs' opposition was due on March 20, 2006.  Although the court will consider plaintiffs' untimely opposition, plaintiffs are advised that their in propria persona status does not excuse them from complying with the Federal Rules of Civil Procedure, the Local Rules of Practice and any court orders.  The failure to timely comply with the rules setting forth the time to file motions or oppositions to motions precludes the opposing parties and the court from being prepared in an efficient manner to hear matters and resolve them.  The court's docket does not permit a party to disregard these rules.  Plaintiffs' continued failure to so comply will result in the imposition of sanctions, which may include the sanction of dismissal.

"it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In testing the sufficiency of a claim against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994).  A claim may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims.  De Le Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), cert. denied, 441 U.S. 965 (1979).  Also, the pleadings of pro se litigants "are held to less stringent standards than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 10 (1980).

### A.   Second Claim for Relief.

Defendants move to dismiss the Second Claim for Relief based on the allegation that the failure to provide Corey "the right to fair hearings in a competent manner" and "failed to protect

5

1  [Corey's] rights" in violation of the Individuals With

2  Disabilities in Education Act (IDEA).

3      Defendants argue that these allegations do not state a claim

4  upon which relief can be granted because plaintiffs have not pled

5  and cannot plead that they have exhausted the IDEA's

6  administrative remedies prior to filing this action.

7      In so arguing, defendants refer the court to 20 U.S.C. §

8  1415(*l*), which provides in pertinent part:

> Nothing in this chapter shall be construed to
> restrict or limit the rights, procedures, and
> remedies available under the Constitution,
> the Americans with Disabilities Act of 1990
> [42 U.S.C.A. § 12101 et seq.] ... or other
> Federal laws protecting the rights of
> children with disabilities, except that
> before the filing of a civil action under
> such laws seeking relief that is also
> available under this subchapter, the
> procedures under subsections (f) and (g) of
> this section shall be exhausted to the same
> extent as would be required had the action
> been brought under this subchapter.

16     Defendants also refer the court to <u>Robb v. Bethel School</u>

17  <u>Dist. #403</u>, 308 F.3d 1047 (9th Cir. 2002).

18     In <u>Robb</u>, a student with cerebral palsy and her parents

19  brought an action pursuant to 42 U.S.C. § 1983 for damages for

20  lost educational opportunities, emotional distress, humiliation,

21  embarrassment, and psychological injury after the student was

22  removed from the classroom for extended tutoring.  The Ninth

23  Circuit held that a plaintiff who seeks only money damages is

24  required to exhaust administrative remedies before instituting a

25  claim under 42 U.S.C. § 1983 predicated on a violation of the

6

IDEA.   In so holding, the Ninth Circuit explained:

> The IDEA provides federal money to state and
> local education agencies to assist them in
> educating disabled children, on the condition
> that the state and local agencies implement
> the substantive and procedural requirements
> of the Act.  The principal purpose of the Act
> is 'to ensure that all children with
> disabilities have available to them a free
> appropriate public education that emphasizes
> special education and related services
> designed to meet their unique needs ... [and]
> to ensure that the rights of children with
> disabilities and parents of such children and
> protected.'  20 U.S.C. § 1400(d).

> To carry out these objectives, the IDEA
> provides procedural safeguards to permit
> parental involvement in all matters
> concerning the child's educational program
> and allows parents to obtain administrative
> and judicial review of decisions they deem
> unsatisfactory or inappropriate ... Under
> this scheme of procedural protections,
> parents are entitled to (1) examination of
> all relevant records pertaining to evaluation
> and educational placement of their child; (2)
> prior written notice whenever the responsible
> educational agency proposes, or refuses, to
> change the child's placement; (3) an
> opportunity to present complaints concerning
> any aspect of the local agency's provision of
> a free appropriate public education; and (4)
> an opportunity for an 'impartial due process
> hearing' with respect to any such complaints
> ... If a party is dissatisfied with or
> aggrieved by the findings and decisions made
> after the impartial due process hearing, that
> party may obtain additional administrative
> review by the state educational agency.  20
> U.S.C. § 1415(g).

> The IDEA requires a plaintiff to exhaust his
> or her administrative remedies before
> commencing suit if that person is 'seeking
> relief that is also available under' the
> IDEA.  20 U.S.C. § 1415(l).  Because money
> damages are not 'available under' the IDEA
> ..., it might seem that a plaintiff can avoid
> the IDEA's exhaustion requirement merely by

1

2
      limiting the prayer for relief to money
3
      damages ....

      With the First, Sixth, Seventh, Tenth, and
      Eleventh Circuits, we hold that a plaintiff
      cannot avoid the IDEA's exhaustion
      requirement merely by limiting a prayer for
      relief to money damages.  We understand
      'available' relief to mean relief suitable to
      remedy the wrong done the plaintiff, which
      may not always be relief in the precise form
      the plaintiff prefers ... Our primary concern
      in determining whether a plaintiff must use
      the IDEA's administrative procedures relates
      to the source and nature of the alleged
      injuries for which he or she seeks a remedy,
      not the specific remedy requested.  The
      dispositive question generally is whether the
      plaintiff has alleged injuries that could be
      redressed to any degree by the IDEA's
      administrative procedures and remedies.  If
      so, exhaustion of those remedies is required.
      If not, the claim necessarily falls outside
      the IDEA's scope, and exhaustion is
      unnecessary.  Where the IDEA's ability to
      remedy a particular injury is unclear,
      exhaustion should be required to give
      educational agencies an initial opportunity
      to ascertain and alleviate the alleged
      problem.

308 F.3d at 1048-1050.

    Before discussing plaintiffs' opposition that they have

exhausted administrative remedies and/or that such exhaustion

should be excused, the court notes that the gravamen of

plaintiffs' complaint appears to be that defendants failed to

protect Corey from physical assault as opposed to failing to

provide him with educational services tailored to his specific

needs as required by the IDEA.  The Ninth Circuit in <u>Robb</u>

specifically distinguished an earlier decision, <u>Witte v. Clark

County School District</u>, 197 F.3d 1171 (9th Cir. 1999).  The

8

distinction is explained in <u>Robb</u>:

> Despite the apparent benefits of the exhaustion requirement, the Robbs argue that controlling precedent permits them to opt out of the IDEA simply by proclaiming that it does not offer them anything of value.  They argue that language in our decision in *Witte v. Clark County School District ...* suggests they can avoid the IDEA's exhaustion requirement simply by limiting their prayer for relief to money damages.  The Robbs point to the following language: 'Because plaintiff seeks only monetary damages, which is "not relief that is available under" the IDEA, ... exhaustion of administrative remedies is not required. *Witte*, 197 F.3d at 1275-76.  But the Robbs have taken this quotation out of context.  The context makes it clear that in *Witte* we did not rely merely on the fact that the plaintiff had requested money damages. We stressed:

>> Because Plaintiff seeks only monetary damages, which is 'not relief that is available under' the IDEA, *and because all educational issues already have been resolved to the parties' mutual satisfaction through the IEP process,* Plaintiff is not 'seeking relief that is also available' under the IDEA, 20 U.S.C. § 1415(*l*).

> *Id*. at 1275 (emphasis added).  Before filing suit, the plaintiff in *Witte* already had agreed with the defendant school district - through informal processes available under the IDEA or through its formal procedures - to new educational plans and services that would address the educational component of his injuries.  *Witte*, 197 F.3d at 1275-76. We stated, in other words, that the '[p]laintiff in fact ha[d] used administrative procedures to secure the remedies that are available under the IDEA.' *Id*. at 1276.  Moreover, the plaintiff was seeking only retrospective damages, not damages to be measured by the cost of remedial services (such as those offered under the IDEA).  *Id.*  Finally, and perhaps

9

most importantly, the plaintiff's allegations centered around physical abuse and injuries. We wrote, 'The remedies available under the IDEA would not appear to be well suited to addressing past physical injuries adequately; such injuries typically are remedied through an award of monetary damages.' *Id.* In *Witte*, neither the genesis nor the manifestations of the abuse were educational. There was no reason to believe the plaintiff's injuries could be redressed to any extent by the IDEA's administrative procedures and remedies.  So we permitted the plaintiff to avoid the IDEA's exhaustion requirement.  We did not intend to chart a course away from the holdings of our sister circuits.

The Robbs are in a very different position from the claimant in *Witte*.  They have not taken full advantage of the IDEA administrative procedures to secure the remedies available thereunder.  They do not claim physical injury.  And they request money damages to compensate them for psychological and educational injuries the IDEA may remedy.  Because their injuries could be redressed to some degree by the IDEA's administrative procedures and remedies, the Robbs' complaint must be dismissed.  We agree with our sister circuits that where, as here, a plaintiff has alleged injuries that could be redressed to some degree by the IDEA's administrative procedures and remedies, then the courts should require exhaustion of administrative remedies.

308 F.3d at 1051-1054.  See also Blanchard v. Morton School

District, 420 F.3d 918 (9th Cir. 2005), wherein the Ninth Circuit

held that exhaustion of administrative remedies under the IDEA is

not required prior to a parent bringing an action under Section

1983 for damages for emotional distress and lost wages damages

caused to the parent:

Blanchard's complaint sought money damages

10

1  for emotional distress and for lost wages
  caused by the District's alleged deliberate
2  indifference toward her son's IDEA claims and
  the District's alleged violations of the
3  IDEA.  Money damages for retrospective and
  non-educational injuries are not available
4  under the IDEA ... That alone is not
  dispositive, for a plaintiff cannot avoid the
5  IDEA's exhaustion requirement simply by
  limiting the prayer for relief to money or
6  services that are not provided under the IDEA
  ... The dispositive question therefore is
7  whether Blanchard is seeking remedy for
  injuries that could be redressed to any
8  degree by the IDEA's administrative
  procedures ....

9

  The remedies available under the IDEA include
10  educational services for disabled children
  ... They do not provide an adequate remedy
11  for Blanchard.

12  We held in *Witte* that a plaintiff seeking
  monetary relief for alleged past physical and
13  emotional abuse by school staff was not
  required to exhaust administrative remedies
14  under the IDEA ... We emphasized that 'all
  educational issues already have been resolved
15  to the parties' mutual satisfaction through
  the [administrative] process.' ... That is
16  true here, as well.  Following *Witte*, we hold
  that Blanchard had no remedies under the IDEA
17  to exhaust.  Blanchard has resolved the
  educational issues implicated by her son's
18  disability and has obtained the educational
  relief available under the IDEA on behalf of
19  her son.

20  ...

21  We emphasize that our holding is a narrow
  one: that there is no procedural barrier to
22  Blanchard's claim that the defendants' acts
  (as distinct from her child's disability)
23  have caused her to incur damages for
  emotional distress .... We hold only that,
24  because the IDEA provides no remedy for
  Blanchard, she need not exhaust
25  administrative remedies before filing suit.

26 420 F.3d at 921-922.

11

1    The court points out <u>Robb</u>'s distinction of <u>Witte</u> and

2  <u>Blanchard</u>'s reliance on <u>Witte</u> because it is very unclear from the

3  allegations of the TAC exactly what the plaintiffs are

4  complaining about in regards to their claim that they did not

5  receive due process, i.e., are plaintiffs  complaining that they

6  did not receive due process in connection with the educational

7  program (IEP) provided to Corey through the IDEA or are they

8  complaining that their complaints that Corey was being physically

9  abused at his school were not accorded a fair hearing, or both?

10  In their opposition to the motion to dismiss, plaintiffs contend

11  that:

12          Plaintiffs have provided sufficient factual
            evidence Plaintiff Corey Victor was the
13          victim of repeated physical assaults and
            other abuses while attending Sonoma
14          Elementary School.  Plaintiffs assert every
            Defendant as well as other Modesto City
15          School officials were informed these abuses
            were alleged based upon Plaintiff Victors
16          [sic] race, religion and his inability to
            properly communicate his needs due to his
17          disability.

18  Plaintiffs further contend that "[h]arassment of students based

19  on disability decreases the student's ability to benefit from

20  his/her education and can amount to a denial of a FAPE under

21  IDEA, Section 504 and the ADA."  Because plaintiffs did not

22  appear at oral argument, the court was unable to seek

23  clarification from plaintiffs.  Because, as discussed <u>infra</u>, the

24  court grants plaintiffs further leave to amend the Second Claim

25  for Relief, plaintiffs must be as clear and concise as they

26  possibly can be about what they are complaining about in terms of

1  hearings in which they did not receive due process.  If

2  plaintiffs are complaining about the IEP or educational services

3  provided to Corey pursuant to the IDEA or the failure to provide

4  an IEP under the IDEA, plaintiffs must allege that they have

5  exhausted the specific administrative remedies required to be

6  exhausted pursuant to IDEA or that exhaustion of those specific

7  remedies is excused.  If plaintiffs are complaining solely that

8  they did not receive due process in a hearing or hearings

9  addressing their claims that defendants failed to protect Corey

10  from physical abuse, plaintiffs must so allege.   The court will

11  require very specific pleading because the failure to exhaust

12  applicable administrative remedies under the IDEA, unless

13  excused, <u>see discussion infra</u>, requires dismissal of the Second

14  Claim for Relief to the extent it is based on the IDEA.

15      As noted, plaintiffs' opposition to the motion to dismiss

16  also argues that plaintiffs have exhausted all administrative

17  remedies.  Plaintiffs assert:

18          Harassment of students based on disability
            decreases the student's ability to benefit
19          from his/her education and can amount to a
            denial of a FAPE under IDEA, Section 504 and
20          the ADA.  Plaintiffs assert they did indeed
            exhaust all administrative remedies in an
21          attempt at acquiring prompt and adequate
            results.  Had discovery begun, it would be
22          made clear that Plaintiffs met with Defendant
            Jane Moffett many times to discuss Plaintiff
23          Victor's victimizations.  Discovery will also
            reveal Plaintiffs called officers of the City
24          of Modesto Police Department to Sonoma
            Elementary School several times in an attempt
25          at putting an end to the physical abuse,
            Plaintiffs appeared before the Modesto City
26          School Board numerous times to voice their

grievances, Plaintiffs provided the Modesto City School Board with a written statement of their complaints, and Plaintiffs requested a hearing with Modesto City School officials to voice their grievances.

On December 19, 2003, Plaintiffs received the District's response to their complaints. Plaintiffs were appalled their weightier claims of physical abuse and assault upon Plaintiff Victor, and the Districts [sic] failure to provide special education Plaintiff Victor with a FAPE were not addressed in the District's response.

Dissatisfied with District findings (and pursuant to Uniform Complaint Procedure (UCP), California Code of Regulations, Title 5, section 4562,) [sic] Plaintiffs forwarded several written correspondences to Superintendent of Public Instruction, James Enochs in an attempt at further mediation.

The Superintendent of Public Instruction failed to respond to even one of Plaintiffs' correspondences.  Therefore, on January 2, 2004, Plaintiffs forwarded a written appeal to the California Department of Education ... Plaintiffs did not receive a response from the California Department of Education until **mid June 2004,** by which time Plaintiffs concluded they were not benefiting [sic] from the 'administrative process' and had already removed themselves from the Modesto City School District.

It is apparent that plaintiffs' reference to California Code of Regulations, Title 5, section 4562 is a typographical error because there is no Title 5, Section 4562.[2]  It is clear that plaintiffs intended to refer the court California Code of

---

[2]There is a California Code of Regulations, Title 15, Section 4562, but this provision pertains to Crime Prevention and Corrections and apparently has something to do with standards for the temporary custody of minors in law enforcement facilities. These provisions do not appear to have any relevance to the claims made in this lawsuit.

14

Regulations, Title 5, Section 4560, which sets forth complaint procedures for complaints filed with the California Department of Education.

However, as noted by defendants, plaintiffs have not alleged in the TAC that they have exhausted administrative remedies under the IDEA.  Defendants further note that plaintiffs did not attach a copy of any written complaint at the local level regarding claims of denial of FAPE concerning Corey Victor or any other matter cognizable under the IDEA and provide no copy of a complaint filed with the Department of Education pursuant to Title 5, California Code of Regulations, § 4650(a)(7)(B), (D), or (E).

Plaintiffs alternatively contend that case law has excused exhaustion of administrative remedies under the IDEA "where resort to the administrative process would be either futile or inadequate."  <u>Hoeft v. Tucson Unified School Dist.</u>, 967 F.2d 1298, 1303 (9th Cir. 1992):

> The IDEA's exhaustion requirement is not absolute, however, for there are situations in which exhaustion serves no useful purpose. Courts universally recognize that parents need not exhaust the procedures set forth in 20 U.S.C. § 1415 where resort to the administrative process would be either futile or inadequate ... Excusing exhaustion in cases of futility and inadequacy is based both on general exhaustion principles ... and on the legislative history of the IDEA.  In addition to these two exceptions, the legislative history notes a third exception:
>
>> [T]here are certain situations in which it is not appropriate to require the use of due process and

review procedures set out in [20
U.S.C. § 1415(b) and (c)] of the
[IDEA] before filing a law suit.

These include complaints that: (1)
it would be futile to use the due
process procedures ...; (2) *an
agency has adopted a policy or
pursued a practice of general
applicability that is contrary to
the law*; it is improbable that
adequate relief can be obtained by
pursuing administrative remedies
(e.g., the hearing officer lacks
the authority to grant the relief
sought) ....

Here, plaintiffs argue;

[I]t is evident administrative remedies did
not provide for the **prompt** resolution of
Plaintiffs' grievances.  Under such dire sets
of circumstances, Plaintiffs could not have
been expected to wait indefinitely for
benefits that might be garnered from the
administrative process.

Plaintiffs' positions are inconsistent.  At one point they

assert that they have exhausted the administrative remedies

provided under the IDEA, but then they also argue that they are

excused from exhausting those remedies because of futility.[3]

---

[3]From the court's research, that the administrative process is
time-consuming or cumbersome does not generally constitute an
excuse to avoid that process.  Thus, in <u>Stauffer by Demarco v.
William Penn School Dist.</u>, 829 F.Supp. 742, 749 (E.D.Pa. 1993), the
district court explained:

Under the second exception, futility or
inadequacy of administrative remedies, parents
are not required to exhaust the administrative
process where resort to this process would be
futile or the available administrative
remedies would be inadequate ... To satisfy
this exception, plaintiffs must produce
evidence that the School District deliberately
interfered with the procedural safeguards of

16

1    Because of the lack of clarity of the allegations in the TAC

2 concerning whether plaintiffs' claim or any part of it is covered

3 by the IDEA and because of the inconsistency of plaintiffs'

4 position that they have exhausted the administrative remedies

5 required by the IDEA or that exhaustion of those administrative

6 remedies is excused as futile, the court will grant defendants'

7 motion to dismiss the Second Claim for Relief with leave to

8 amend.  Plaintiffs must allege with specificity whether they are

9 stating a claim for denial of due process in the procedures under

10 the IDEA, and, if so, allege with specificity whether they have

11 exhausted the administrative remedies applicable to such claim(s)

12 or allege with specificity the facts upon which they rely in

13 contending that they are excused from exhausting those

14 administrative remedies.

15    **B.   <u>Fourth Claim for Relief</u>**.

16

17                    IDEA, or that the administrative agency would
                     be unresponsive to the parents, or that the
                     administrative process is incapable of
18                   granting the relief requested ... Exhaustion
                     of administrative remedies is not futile
19                   simply because it may be time consuming.

20 <u>See also</u> <u>Schlude v. Northeast Central School Dist.</u>, 892 F.Supp.
   560, 566-567 (S.D.N.Y. 1995); <u>Howell v. Waterford Public Schools</u>,
21 731 F.Supp. 1314, 1316 (E.D.Mich. 1990); <u>but see</u> <u>Frutiger v.</u>
   <u>Hamilton Central School Dist.</u>, 928 F.2d 69, 73 (2nd Cir. 1991)(
22 stating in <u>dictum</u> that "if state administrative bodies persistently
   fail to render expeditious decisions as to a child's educational
23 placement, district courts have the power under [20 U.S.C.] §
   1415(e)(2) to assume jurisdiction over the review process on the
24 grounds that exhaustion would be futile or inadequate").  However,
   because the court is dismissing the Second Claim for Relief with
25 leave to amend, the court expresses no opinion at this juncture
   whether exhaustion of administrative remedies under the IDEA is
26 excused.

17

1    In the court's Order Granting Defendants' Motion for More

2  Definite Statement or To Dismiss filed on January 30, 2006, the

3  court ruled in pertinent part:

4           ... The Fourth Claim alleges that it is based
            on Title VI of the Civil Rights Act of 1964.
5           Title VI is codified at 42 U.S.C. § 2000d.
            Section 2000d provides:

6
                 No person in the United States
7                shall, on the ground of race,
                 color, or national origin, be
8                excluded from participation in, be
                 denied the benefits of, or be
9                subjected to discrimination under
                 any program or activity receiving
10               Federal financial assistance.

11          The pleading requirements for a claim under
            Title VI are set forth in <u>Fobbs v. Holy Cross
12          Health System Corp.</u>, 29 F.3d 1439, 1447 (9th
            Cir. 1994), <u>overruled on other grounds</u>,
13          <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241
            F.3d 1131 (9th Cir. 2001).

14
            The court will grant plaintiffs the
15          opportunity to amend to state a claim upon
            which relief can be granted under Title VI.

16
      In <u>Fobbs</u>, the Ninth Circuit held in pertinent part:
17          To state a claim for damages under 42 U.S.C.
            § 2000d, *et seq.,* a plaintiff must allege
18          that (1) the entity involved is engaging in
            racial discrimination; and (2) the entity
19          involved is receiving federal financial
            assistance.

20
   The proper defendant in a Title VI claim is an entity, not an
21
   individual.  <u>Jackson v. Katy Independent School Dist.</u>, 951
22
   F.Supp. 1293, 1298 (S.D.Tex. 1996).
23
      Defendants move to dismiss the Fourth Claim for Relief
24
   because the TAC does not name any entity as a defendant in this
25
   action and because the TAC does not allege that any entity is
26

                                    18

receiving federal financial assistance.

Plaintiffs oppose the motion to dismiss on the ground that defendants "failed to consolidate their pre-answer motions as required by Rule 12(g), Federal Rules of Civil Procedure.

Rule 12(g) provides in pertinent part:

> **(g) Consolidation of Defenses in Motion.**  A party who makes a motion under this rule may join with it any other motions herein provided for then available to the party.  If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter made a motion based on the defense or objection so omitted, except as a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Rule 12(h)(2) provides in pertinent part:

> A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

As explained in Wright and Miller, 5C <u>Federal Practice and Procedure</u>, § 1388, p. 491:

> [A] party is only required to consolidate Rule 12 defenses and objections that are 'then available to the party.'  A party is not precluded from making a second motion based on a defense that he or she did not have reasonable notice of at the time that party first filed a motion to dismiss or on a defense that became available only after a motion had been made under Rule 12. ...

> The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not presented in timely fashion prior to the amendment of the pleading.

19

1    Relying on these provisions, plaintiffs argued that

2 defendants "were aware from the onset Plaintiffs alleged

3 violations of their 'civil rights'".  Because defendants failed

4 in their previous motions to raise their current objections to

5 the Fourth Claim for Relief, plaintiffs contend that the instant

6 motion to dismiss is barred "because they are based on issues

7 that were apparent from the face of the original Complaint."

8    The court does not agree with plaintiffs.  In the court's

9 Order filed on September 7, 2005, addressing defendants' motion

10 to dismiss and/or for more definite statement in regards to the

11 First Amended Complaint, the court agreed with defendants that

12 the then Eighth Claim for Relief for violation of the Civil

13 Rights Act of 1964 should be dismissed with leave to amend, the

14 court ruling in pertinent part:

15          There is a possibility, on the facts alleged,
            that Plaintiffs may be able to state a
16          legally cognizable claim under the Civil
            Rights Act.  This makes dismissal with
17          prejudice inappropriate.  However, even
            applying the lenient standard for the
18          pleadings of per se plaintiffs, this claim is
            insufficient to enable Defendants to frame a
19          responsive pleading ... Plaintiffs must, at a
            minimum, specify the provision of the Civil
20          Rights Act of 1964 under which their claim
            arises and the corresponding facts if not
21          already alleged.

22 In their Second Amended Complaint, plaintiffs alleged as the

23 Fourth Claim for Relief a violation of the Civil Rights Act of

24 1964 and further alleged in pertinent part:

25          23.  Plaintiffs allege the Defendants have
            violated Title VI of the Civil Rights Act of
26          1964 by encouraging, entrenching and

20

1         subsidizing acts and omissions that have
     resulted in racial discrimination against the
2         Plaintiffs.

3         24.  Plaintiffs contend Defendants' flagrant
     disregard for Federal law, [sic] has resulted
4         in racially based discrimination of the
     Plaintiffs, and that such victimization
5         forced Plaintiff Victor to attend school in a
     hostile learning environment, thereby
6         creating a disparate impact on the
     Plaintiffs.

7
Defendants then filed a motion for a more definite statement with
8
regard to the Fourth Claim for Relief in the Second Amended
9
Complaint, contending that the reference to Title VI of the Civil
10
Rights Act of 1964 is still too broad and vague to allow
11
defendants to file a responsive pleading.  Because plaintiffs
12
filed a statement of non-opposition to the motion for more
13
definite statement, the court granted it and set forth in the
14
Order granting it the pleading requirements for a claim under
15
Title VI.  While the Second Amended Complaint did not name an
16
entity as a defendant, <u>see discussion infra</u>, defendants did not
17
move to dismiss or for a more definite statement with regard to
18
the claim at that juncture.  However, because it was unopposed by
19
plaintiffs that defendants could not file a responsive pleading,
20
defendants' failure to argue that an entity was not named as a
21
defendant does not preclude defendants from raising that
22
assertion now.[4]
23

24         [4]Furthermore, the failure to consolidate under Rule 12(g) does
not preclude the defendants from alleging the defense of failure to
25    state a claim upon which relief can be granted in their Answer, a
motion for judgment on the pleadings, or at trial.  All Rule 12(g)
26    means, if it applies, is that a defendant cannot raise defense of

1   Plaintiffs further argue that the pleading requirements for
2   a claim under Title VI set forth in <u>Fobbs</u> "is misapplied in that
3   Holy Cross Health System Corp. is a privately owned Health Care
4   facility, and it was therefore unnecessary to clearly state
5   whether or not the defendant was a recipient of federal funds."
6   Plaintiffs contend that, "[i]n cases involving public schools and
7   public education it is unreasonable to assume Federal Funds are
8   not involved."

9   Plaintiffs cite no authority for this proposition.  While it
10  may be a reasonable assumption to assume that a public school
11  receives federal funds, it nonetheless must be pleaded because it
12  is an element of the cause of action.  If plaintiffs do not
13  actually know whether the school received federal funds,
14  plaintiffs can make the allegation under information and belief
15  after naming the appropriate entity as a defendant in this
16  action.

17  Plaintiffs concede in their opposition that Modesto City
18  Schools is not named as a defendant in this action and request
19  leave to amend to add it as a defendant in order to allege the
20  requisite entity for their Fourth Claim for Relief.

21  Although plaintiffs were specifically advised of the
22  pleading requirements of a claim under Title VI, because the
23  court is requiring plaintiffs to file a Fourth Amended Complaint

24  _____

25  failure to state a claim that was available in a motion to dismiss
    the Complaint in a motion to dismiss a First Amended Complaint.
26  Wright and Miller, <u>supra</u>, § 1392, p. 526.

1  with regard to the Second Claim for Relief, the court grants

2  leave to amend the Fourth Claim for Relief as well.

3      ACCORDINGLY:

4      1.  Defendants' motion to dismiss the Second and Fourth

5  Claims for Relief in the Third Amended Complaint is granted with

6  leave to amend.

7      2.  Plaintiffs shall file a Fourth Amended Complaint in

8  accordance with this Order within 30 days of the filing date of

9  this Order.  Failure to timely comply will result in the

10  dismissal of the Second and Fourth Claims for Relief.

11      IT IS SO ORDERED.

12  **Dated:  April 11, 2006**           **/s/ Robert E. Coyle**

13  668554                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26