|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| EON WALDEN; AND COREY VICTOR by and through his Guardian ad Litem JUMOKE WALDEN, et al, | CASE NO. CV F 04-06680-LJO- DLB |
|---|---|
| Plaintiffs, | **ORDER REQUIRING GUARDIAN AD LITEM TO OBTAIN COUNSEL FOR MINOR OR FACE DISMISSAL** |
| vs. | |
| JANE MOFFETT, et al, | |
| Defendants. / | |

The Court has received and reviewed the Status Report filed by Jumoke Walden (Doc. 83) and Statement of Defendants' Status, Declaration and Exhibits (Doc. 84). On February 7, 2007, Mr. Walden filed a motion to appoint himself Guardian Ad Litem, to represent the interests of minor plaintiff Corey Victor in this case. On February 14, 2007, Mr. Walden's motion was granted in conjunction with an order advising Plaintiffs that they cannot in pro per represent a minor. On March 6, 2007, the Court filed an Amended Order appointing Jumoke Walden as Guardian for Corey Victor and ORDER advising Plaintiffs that they cannot in pro per represent a minor.

On March 26, 2007, this Court signed an order refusing the proposed order of dismissal and requiring a petition for minor compromise. A Petition for Minor Compromise was thereafter submitted to this Court. On May 3, 2007, this Court rejected the Petition for Minor Compromise, noting, among other things, that there appears to be no legal representation on behalf of the minor and monies were paid

in spite of the fact that nobody has authority to execute a release on behalf of the minor. (Doc. 82).

The Guardian Ad Litem, Mr. Walden, has been instructed by two different District Court Judges, in at least three court orders, that he must get counsel to represent the minor in the proposed compromise. It appears clear that Mr. Walden either refuses to obtain counsel or is unable to do so. As a result, **the Court ORDERS that the Guardian Ad Litem shall have thirty (30) days in which to have an attorney establish a filing with this Court indicating that he or she is counsel of record on behalf of the minor**. If that occurs, the attorney of record shall have thirty (30) days to submit a Petition for Minor's Compromise.

**IF that does not happen**, the Court will DISMISS the minor's case without prejudice. The Court notes that there are no state pendant claims. The five claims of the fifth amended complaint raise questions of Constitutional law or federal acts. Thus, the minor may re-file his claims when he is an adult. Further, the Court will order the parties to either submit a notice and proposed order of settlement as to Plaintiff Eon Walden or petition the Court for a scheduling conference to set a trial date within thirty (30) days.

As to any monies already paid, those monies were paid at the risk of defendants. Those monies are not a part of the complaint on file, and the court will not participate in any claims relating to those monies.

IT IS SO ORDERED.

**Dated:   May 30, 2007**                        **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE