**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EON WALDEN, AND COREY VICTOR, by JUMOKE WALDEN, guardian, | CASE NO. CV-F-04-6680 LJO DLB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS ON PETITION FOR APPROVAL OF MINOR'S COMPROMISE |
| vs. | (Doc. 94.) |
| JANE MOFFETT, et. al., | |
| Defendants. / | |

**INTRODUCTION**

This 42 U.S.C. § 1983 action arising from the alleged deprivation of minor plaintiff Corey Victor's ("Corey") constitutional and statutory rights, was filed by Corey and his guardian ad litem Jumoke Walden ("Petitioner") and Eon Walden, Corey's maternal grandmother (collectively "plaintiffs"). Plaintiffs seek this Court's approval of a $15,000.00 compromise settlement for Corey for his claims against defendants Modesto City Schools, Jane Moffett, Marie Lagos, James Enochs and Jim Pfaff (collectively "defendants"). The Court held a hearing on the Petition for Minor's Compromise on September 14, 2007. Appearing on behalf of Petitioner and Corey was Attorney Randall Richmond. Attorney William Littlewood appeared on behalf of defendants. For the reasons discussed below, this

1

Court RECOMMENDS to GRANT the petition.

**BACKGROUND**

Among other allegations, the amended complaint alleges that Corey, who is African American and a member of the Jehovah's Witness faith, was subjected to various forms of racial and religious discrimination while attending Sonora Elementary School from Kindergarten to fourth grade. Sonora Elementary school is part of defendant Modesto City Schools by which the individual defendants are employed as teachers and/or administrators. It is further alleged that defendants failed to put an end to alleged maltreatment of Corey and that fearing for Corey's physical and emotional safety, plaintiffs were forced to relocate outside of the Modesto City Schools district. Plaintiffs allege that Corey suffered physical and emotional distress inflicted by defendants, which resulted in him being fearful of attending Sonoma Elementary School.

The claims to be compromised include: (1) First Amendment Rights of Religious Freedom; (2) Due Process; (3) Equal Protection; (4)the Civil Rights Act of 1964; (5) right to a Free and Appropriate Public Education; and (6) Equal Education Opportunity Act of 1974. Plaintiffs sought general damages, compensatory damages, emotional distress damages, punitive damages, costs and attorneys' fees.

The parties pursued settlement discussions and have reached a mutually agreeable settlement which includes payments by defendants of $15,000.000 to each Corey and Eon Walden. On April 12, 2007, defendants deposited $15,0000.00 in two (2) separate joint custodial accounts at San Mateo Credit Union in the names of Corey as primary member and Petitioner as joint owner. The two (2) accounts include a five-year certificate of deposit in the amount of $13,000.00 (account no. 465754-30) and a regular savings account in the amount of $1,999.00 (account no. 465754-00). The latter account deposit reflects a deduction of $1.00 representing the fee to establish a regular savings account. San Mateo Credit Union is federally insured by the National Credit Union Administration.

On May 30, 2007, the Court ordered Petitioner to obtain counsel to represent Corey in the proposed compromise.

Attorney Randall Richmond filed a designation on June 29, 2007 and thereafter has assisted Petitioner in the preparation of the Petition for Approval of Minor's Compromise. Petitioner requests approval of attorneys fees in the amount of $1,650.00 to be paid from Corey's settlement proceeds. The

net proceeds to Corey will be $13,349.00

## DISCUSSION

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement.  No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .
>
> . . .
>
> (c) Disclosure of Attorney's Interest.  When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment.  Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor.  "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires *court approval* of the fairness and terms of the settlement." 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-42 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, § 3601.  A leading California practice guide observes:

> Courts vary in their fee approval policies.  All will consider the time expended and the complexity of the case.  But, in contingency fee cases, most courts require a

showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]

Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2002) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-14.

The Petition substantially includes the information required by this Court's Local Rule 17-202(b)(2) and (c) to address the details of the proposed compromise. The $13,349.00 portion for Corey is reasonable based on Mr. Richmond's analysis; the conduct to which he was subjected; the responsibility for the incidents; the nature and extent of injuries; and the benefit and relief resulting from a resolution of this matter.

Good cause has been shown for the requested $1,650.00 attorneys' fees. The representation in this case was limited to the preparation of the Petition for Minor's Compromise. Corey's $13,349.00 share should appropriately be deposited in a federally insured blocked account and not withdrawn without a court order or until Corey reaches the age of majority.

**CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT the Petition for Approval of Minor's Compromise;
2. ORDER Armando's $13,349.00 share to be deposited into a federally insured blocked account and not withdrawn without a court order or until Corey reaches the age of majority; and
3. PERMIT $1,650.00 attorney's fees for counsel, Randall Richmond.

These findings and recommendations are submitted to United States District Judge Lawrence J. O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. This Court sets no deadlines to object to these findings and recommendations because the parties agree to the above terms for Armando's portion of settlement.

 IT IS SO ORDERED.

**Dated:   September 20, 2007**              **/s/ Dennis L. Beck**
                                                                        UNITED STATES MAGISTRATE JUDGE